UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAUREAN JENKINS,

                    Petitioner,                    Case No. 1:08-cv-1173

v.                                             Honorable Robert J. Jonker

SHIRLEE A. HARRY,

                    Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**<u>Factual Allegations</u>**

Petitioner is presently incarcerated at the Muskegon Correctional Facility.  In Bay County Circuit Court, Petitioner pleaded *nolo contendere* to one count of attempted extortion and one count of assault with intent to do great bodily harm less than murder.[1]  On January 14, 2008, the trial court sentenced Petitioner to imprisonment of three years and two months to five years for the attempted extortion conviction and imprisonment of five years and seven months to ten years for the assault conviction.  On April 22, 2008, the Michigan Court of Appeals denied Petitioner's application for leave to appeal for lack of merit in the grounds presented.  On September 9, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.

In his application for habeas corpus relief, Petitioner claims that the trial court failed to sentence him under the correct guidelines.  (Pet. at 6; docket #1.)  Specifically, Petitioner argues:

> I was sentenced to 5 years 7 months to 10 years due to 151 offense variable points. You have to be found or plead guilty for offense variable points to be added to your sentence. Therefore, my corrected guidelines should be 0 to 17 months.  This mistake is far from a small mistake.

(*Id.*)  Petitioner also implies that his sentencing guideline range was enhanced by the scoring of offense variables on the basis of facts not proven to a jury by a reasonable doubt nor admitted by Petitioner at the plea hearing in violation of  *Blakely v. Washington*, 542 U.S. 296 (2004).

---

[1]In his application for habeas corpus relief, Petitioner states that he was convicted of assault with intent to murder, MICH. COMP. LAWS § 750.83, rather than assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84.  (Pet. at 1.)  Because the Michigan Court of Appeals found that Petitioner was convicted of assault with intent to do great bodily harm less than murder, this Court refers to Petitioner's assault conviction as an assault with intent to do great bodily harm less than murder conviction in this opinion.  *See* http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=284454&inqtype=public&yr=0&yr=0.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## Discussion

A.    *Blakely*

Relying on *Blakely v. Washington*, 542 U.S. 296 (2004), Petitioner claims that his sentencing guideline range was enhanced by the scoring of offense variables on the basis of facts not proven to a jury beyond a reasonable doubt nor admitted by Petitioner in the plea hearing. *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for

the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-92 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.; and see People v. Babcock*, 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,*715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. Because the trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights. *See, e.g., Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007); *Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007); *Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006);

*George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v.*

*McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

      B.      <u>Sentencing Guideline Scoring/ Inaccurate Information</u>

      Plaintiff claims that the trial court violated his due process rights when the court

improperly scored his sentencing guidelines.  Claims concerning the improper scoring of sentencing

guidelines are state law claims and are typically not cognizable in habeas corpus proceedings.  *See*

*Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for

a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213

F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not

subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir.

Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not

cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)

(the sentencing guidelines establish only rules of state law).  There is no constitutional right to

individualized sentencing.  *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Moreover,

a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline

minimum sentence recommendations."  *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004);

*accord  Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F.

Supp. 105, 106-07 (E.D. Mich. 1987).

      Although state law errors are generally not reviewable in a federal habeas proceeding,

an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial

of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v.*

*Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted).  *See also Doyle*, 347

F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude."  *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948).   To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence.  *Tucker*, 404 U.S. at 447; *United States v. Polselli,* 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence.  *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking.  *Doyle*, 347 F. Supp. 2d at 485.  Further, Petitioner does not argue that the facts found by the court at sentencing were either materially false or based on false information.  *Tucker*, 404 U.S. at 447.  Rather, he argues that he would have to be found guilty for the "offense variable points to be added to [his] sentence."  (Pet. at 6.)  As stated above, the facts underlying the guidelines scores do not have to be proven beyond a reasonable doubt.  Petitioner, therefore, fails to raise a cognizable due process claim.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v.  Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:    January 14, 2009                      /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE